THOMAS JONES, PLAINTIFF IN ERROR, V. THE STATE, EX
REL. CLARA M. GIBSON, DEFENDANT IN ERROR.

Bastardy: COSTS. One J. was tried under the bastardy act, and
the jury returned a verdict of not guilty. The court therefore
rendered judgment against him for the costs incurred by him.
*Held*, That as the proceeding was in the nature of a civil action
to enforce the performance of a civil and moral obligation, the
support by a father of his child, the court had authority, under
sec. 623 of the code, to apportion the costs.

ERROR to the district court for Clay county. Tried below before WEAVER, J.

*Laird & Smith* and *John D. Hayes*, for plaintiff in error.

*C. J. Dilworth, Attorney General*, for defendant in error.

BY THE COURT.

In the year 1877, the plaintiff was arrested under the bastardy act, and was bound over to appear at the next term of the district court. The case was continued for some time at his request, but in November, 1878, a trial was held, which resulted in a verdict of not guilty. A motion for a new trial was filed on behalf of the state, which was taken under advisement until the next term of the court. At the next term the motion was overruled, and judgment entered on the verdict, and that the plaintiff pay the costs.

The error assigned is, that the court erred in rendering judgment against the plaintiff in error for costs. Proceedings under the bastardy act are in the nature of a civil action to enforce the performance of a civil and moral obligation—the support by a father of his child. *Cottrell v. The State*, 9 Neb., 125. It is not necessary to bring the action in the name of the state, but it may be instituted in the name of the prosecuting witness.

Sec. 620 of the code provides that a party shall be allowed his costs of course in actions for recovery of money only, or for specific real or personal property.

Sec. 621 provides in what cases a plaintiff shall not recover costs, if the damages sustained be under five dollars.

Sec. 622 provides that costs shall be allowed a defendant of course on any judgment in his favor in any of the cases mentioned in sections 620 and 621.

Sec. 623 provides that in other actions "the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as it in its discretion may think right and equitable." This proceeding being in the nature of a civil action, and the court having authority to apportion the costs, the judgment is affirmed.

JUDGMENT AFFIRMED.